Judge Underwood
delivered the opinion of the court.
Owings, as plaintiff, instituted suit against the administrators of Grubbs, upon a note to the following effect:
“$77 02. Slate Furnace, March 16th, 1880.
Due Richard H. Owings seventy-seven dollars and two cents, for value received, as witness my hand,
For Thomas D. Owings,
James Grubb.”
The defendants pleaded non est factum. William Shryock proved that he was the clerk for Thomas D. Ovvings, at his iron works, and that Grubbs .was manager there; that he, (Shryock,) as clerk, settled the accounts of the obligee, for articles delivered said Thomas D. Owings, as they appeared from the books, and drew the instrument of writing in controversy, and that Grubbs signed it and delivered it to the obligee. The witness was asked, by the counsel for the defendants, whether Grubbs delivered the note as his own obligation, or as the obligation of Thomas D. Owings. The plaintiff objected to the witness answering the question, upon the ground, that it was not competent to change or explain the character of the delivery,by giving parol evidence of expressions used, or other circumstances transpiring, at the timo; and insisted, that if a delivery of the writing was proved, that its contents alone must determine whether it be the act and deed of Grubbs or not. The court overruled the objections and permitted the witness to answer. He gtated that it was not the intention of Grubbs to be-ome personally bound, nor did he intend to delives *32 it as bis act or obligation, nor did the plaintiff receive it as such. Upon cross examination by the plaintiff’s counsel, the witness stated that neither party said any thing, or used any words touching the delivery of the note, at the time it was done. Upon the foregoing evidence, (which was all that was given on the trial of the cause,) the plaintiff moved the court to instruct the jury “that the delivery of the writing by Grubbs, with an intent to bind Ovvings, did not change the legal obligation, nor did it bind Gwings; but if Grubbs delivered the writing to the obligee, by such delivery, it became the act and deed of the said Grubbs.” The court refused to give the instruction thus asked, but on the motion of the defendants, instructed the jury “that if Grubbs did not sign and deliver the writing with the intentto make it his deed, they ought to find the issue for the defendants.” The' jury found for the defendants.
Under the plea of nonest factum, every circumstance ■which goes to show that the writing sued on is not the deed or contract of the party, is pro-veable by pa-rol evidence. "Whether an instrument was ever delivered or not,or whether it was delivered as an escrow, or to take effect presently, or whether it was delivered as the deed of the person making the delivery,oras the deed of some other nerson, by his ugentorattor-ney, are matters of fact, which may be proved by pa-rol evidence, without con■tra dieting any thing upon the face of the writing. Parol evidence is admissible to prove, whether a writing, which -is sued on, was delivered as the deed of the person making the delivery, or as the deed ol anoth-erby his agent or att’y. Uelivery is in-dispensible ta consummate
*32 The assignment of errors questions the several opinions of the court, in giving and refusing the instructions, in admitting-the testimony objected to, and in overruling amotion for a new trial. We think it was proper to admit testimony to show' the nature of the delivery of the instrument. The Supreme Court declared, in the case of Speake, &c. vs. The United States, IX Cranch, 28; III Condensed’s Reports, 250, upon non est factum being pleaded, that “.every circumstance that -goes to show that it is not the deed orj contract of the party, is proveable by parol evidence.”! Whether an instrument has been delivered or not, whether it be delivered as an escrow, or to take effectl presently, and whether it he delivered as the deed oil the person making the delivery or the deed of some! other person, by ins agent or attorney, are matters o¡ fact, which may be proved without contradictinga nyj thing upon the face of the writing. Under the rub cited, parol evidence may be introduced to show how| the fact stood. The delivery is indispensable to con summaie the deed. The intent with which a deliver; is made, is equally important. The assent of thi mind is essential to the formation of a valid contract! If, through mistake, a person uses language, and sign! the writing in such manner as that it must be coi strued upon its face tb be his act and deed, -the coi elusion of the court is, that the mind of ,the apparei *33 •f&ligor assented to be bound by the instrument, and that all the necessary requisites, to make it a valid deed, existed. This is the result, when a demurrer •is relied on by the defendant, in cases like the present; there being no question as to the delivery. But when the plea of non est factum is put in, and it appears in proof that the apparent obligor did not deliver the deed as his, on the contrary, believed (hat he was binding another, for whom he acted; or when facts appear from which such an inference may be legitimately drawn, then the whole aspect of the ease "is changed, and the conclusion may he irresistable, that the party never did make himself individually responsible. If this be so, it cannot he his act and deed, in the eye of the law. in executingflefters of attorney or agencies, it does often happen, that they are defectively executed by agents, when all parties regard the act as binding upon the principal, and when the very object of the transaction is defeated, If the act does not bind him. In such cases, it would be a perversion of law and reason, to consider the agent bound by the contract individually, when it should he made manifest by the proof, that he and no other contemplated such a thing. This would be making bargains for men against their will and consent.
The intentionwith which the delivery-^adeTs'as3 important as the delivery
The assent of the mind is ^formation 0f a valid contract,
JíJe rde^of6* nmesifmium, it appear» in woof,that the in-stnnnent of writing, did Ai/d'eed,'* but believed that he was a A*'for wiioin he acted, the writing is not, X^To/sucii ’ " apparent o-bligor.
*33 In this case, the facts detailed by the witness are such, that the jury were warranted in coming to the conclusion, that Grubbs never delivered the vvriting as Iws deed. The question objected to, was proper. In answering it, the witness should have been confined to a statement of the facts. He answered, however, in general terms, and the answer as given, was not objected to. The plaintiff thought he could qualify and neutralize the effect of the answer, by asking whether the parties said any thing as to the nature of the delivery of the writing, at the time it was done, Although the witness heard nothing said at that time, he might have heard the parties, either before or after, come to a definite understanding and agreement as to the effect ol the transaction, and the intentions by which they were governed. As, therefore, no objection was made to the generality of the witness’ stalement, and it was permitted to remain before the jury, ?nd as the qualification of it is not sufficient to destroy *34 it, we shall not disturb the verdict upon this ground,
Hanson, for plaintiff; Turner, Julian, and James Trimble, for defendants.
Judgment affirmed with costs.